[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10695
Non-Argument Calendar

_____

D. C. Docket No. 05-00344-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS HUMBERTO FAJARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2007)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Carlos Humberto Fajardo appeals his 168-month

sentence imposed for conspiring to possess with intent to distribute cocaine on a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), 1903(g), 1903(j); 21 U.S.C. § 960(b)(1)(B)(ii), and possessing with intent to distribute cocaine on a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), 1903(g); 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm.

## I. BACKGROUND

Fajardo was the captain of a "go-fast" boat that departed Columbia with 2,272 kilograms of cocaine and was spotted and boarded by the United States Coast Guard. Fajardo pled guilty to the two offenses mentioned above.

Fajardo's presentence investigation report ("PSI") recommended a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), because his offenses involved 150 kilograms or more of cocaine. The PSI also recommended a two-level increase, pursuant to U.S.S.G. § 3B1.1(c), because Fajardo was the captain of the vessel; a two-level "safety-valve" reduction, pursuant to U.S.S.G. § 2D1.1(b)(7); and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 35. With a level 35 and a criminal history category of I, the PSI recommended an advisory guidelines range of 168 to 210 months' imprisonment. Fajardo made no objections to the PSI's

2

guidelines calculations or to the facts of his offense conduct.[1]

At the sentencing hearing, Fajardo argued for a sentence below the advisory guidelines range, noting that he was a low-level operator, had no ownership interest in the drugs, was impoverished and had undertaken the mission in order to support his children. The district court noted that among the many Colombian defendants sentenced, poverty was a uniform factor, but that the damage caused by cocaine use in the United States could not be ignored. The district court noted the significant amount of drugs involved and that, had the guidelines not capped the base offense level at 150 kilograms of cocaine, Fajardo might have faced a much higher imprisonment range, as follows:

> I think it is for our purposes here adequate to say that . . . at least one reasonable sentence is that one within the guidelines. I might point out that if my recollection is correct that the guidelines stop counting at 150 kilograms. Not that weight is the only factor, or even the most important one, but if you made some projections outward as to what a ton or two of cocaine might justify if 150 kilograms justifies what it justifies, Mr. Fajardo is not so bad off.
>
> I realize that is not the only or dispositive consideration, but, as I have said elsewhere again, I am not sure anybody actually – that Congress [in] enacting the statute, or the Sentencing Commission in promulgating its matrix, considered the punishment for a ton or two of high purity cocaine. It is probably fortunate for the defendant that they didn't.

---

[1]Fajardo's only objection to the PSI was to the spelling of his father's name. The PSI was revised to reflect the proper spelling.

> I am satisfied that the guidelines sentence here is responsive as any other sentence to the factors arrayed in 18 U.S.C. § 3553.

Fajardo argued that the Sentencing Commission had considered whether to add higher offense levels for higher quantities of cocaine, had chosen not to and, accordingly, the district court should not extrapolate in that direction. In response, the district court stated that it was not extrapolating, would not extrapolate and that "[i]t was quite much the point that [an extrapolation] was not forthcoming." The district court noted that there were many factors that would pull in both directions in a case like this one and that the quantity of drugs was one that would pull upward if applied, but that the district court was not applying it. As other factors, the district court again noted both the need for Fajardo to support his children and the effects of cocaine on children in the United States.

Considering the advisory guidelines and the 18 U.S.C. § 3553(a) factors, the district court sentenced Fajardo to 168 months' imprisonment, at the low end of the advisory guidelines range. Fajardo filed this appeal.

## II. DISCUSSION

On appeal, Fajardo argues that his sentence is unreasonable because the district court considered an impermissible factor, namely what Fajardo's guidelines range would have been had the Sentencing Commission included additional offense levels for cocaine quantities above 150 kilograms.

4

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[2] We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Winnigear, 422 F.3d 1241, 1246 (11th Cir. 2005). "[A] sentence can be unreasonable, regardless of length, if the district court's selection of the sentence was substantially affected by its consideration of impermissible factors." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006) (footnote omitted). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." Id.

Fajardo fails to meet this initial burden. The district court did mention that Fajardo could be considered fortunate because the highest offense level under the guidelines was for 150 kilograms of cocaine, while Fajardo was responsible for 2,272 kilograms of cocaine. However, the severity of the offense is a permissible § 3553(a) factor. In any event, the district court stated explicitly that it was not "extrapolating" from Fajardo's excess drug quantity in arriving at Fajardo's

_____

[2]On appeal, Fajardo does not challenge the district court's guidelines calculations.

5

sentence. As the district court also noted, it is plainly evident that the district court did not increase Fajardo's sentence based on the excess cocaine involved in his offense because Fajardo's sentence was not only within, but at the low end of, the advisory guidelines range. Therefore, the factor Fajardo claims is impermissible and requires reversal in fact was not considered by the district court in determining Fajardo's sentence.

Alternatively, Fajardo argues that, even if the district court did not consider an impermissible factor, the length of his sentence is unreasonable. We review the reasonableness of the length of a sentence "in light of the facts and circumstances of the defendant's case reflecting the sentencing considerations in § 3553(a)." Id. at 1363. Because the weight accorded the § 3553(a) factors is committed to the sound discretion of the district court, our review is deferential and we "will not substitute our judgment in weighing the relevant factors . . . ." Id. Rather, "we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

Here, we cannot say that Fajardo has shown that his 168-month sentence is unreasonable. The district court noted that it had considered the § 3553(a) factors

6

and the advisory guidelines range. The district court also considered Fajardo's arguments in mitigation, including his poverty, his family obligations and his role in the conspiracy. On appeal, Fajardo emphasizes that his codefendants were sentenced to lesser imprisonment terms. However, Fajardo is not similarly situated to his codefendants because he was the captain of the go-fast boat. Under the facts and circumstances presented, we are not left with the definite and firm conviction that the district court committed a clear error of judgment in sentencing Fajardo to a 168-month sentence, at the low end of the advisory guidelines range.

**AFFIRMED.**